IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| Elaine C. Alexander and Donald K. Alexander, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 07-4039-CV-C-NKL |
| Bank of America, Capital One Bank (A Banking Association), Kramer & Frank, P.C. and Gina Coleman, ) ) ) ) | |
| Defendants. ) | |

**ORDER**

Pending before the Court is Defendant Bank of America's ("BOA") motion to dismiss or, in the alternative, for summary judgment [Doc. # 53] against pro se Plaintiffs Elaine and Donald Alexander ("the Alexanders") for injuries resulting from the garnishment of Elaine Alexander's checking account at BOA. The Alexanders allege that because BOA knew or should have known that checking account contained only deposits of social security disability payments, any garnishment of the account violated federal law. Specifically, the Alexanders seek the following: actual damages to recover the money that was seized; "compensatory damages to compensate the Alexanders for Elaine's public humiliation, embarrassment, emotional and mental distress" when her check was declined at a retail store; and punitive damages "to dissuade Defendants from similar intentional tortious action in the future." (Complaint at 6). Previously, this Court

1

has determined that the Alexanders have stated two claims: (1) illegal garnishment or seizure of funds and (2) intentional infliction of emotional distress. *Atkinson v. Bohn*, 91 F.3d 1127, 1129 (8th Cir. 1996) (holding that courts liberally construe pro se complaints).

The Court has already granted summary judgment for Defendants Kramer & Frank and Capital One on the basis that the only remedy for the wrongful garnishment of social security benefits under 42 U.S.C. § 407 is a release of the garnishment. Because the Alexanders allege no distinguishable theory of recovery against BOA, its Motion for Summary Judgment is GRANTED

### A. Factual Overview

Kramer & Frank is a Missouri professional corporation engaged in the practice of law. Gina Coleman is an employee of Kramer & Frank. Capital One retained Kramer & Frank to prosecute a claim for collection against Plaintiff Elaine Alexander.

Kramer & Frank attempted to collect Ms. Alexander's debt by calling her on the telephone and mailing her letters. Kramer & Frank's efforts were unsuccessful because Ms. Alexander hung up the phone when Kramer & Frank called, and Kramer & Frank never received a response to the collection letters it mailed to her. As a result, Kramer & Frank filed a petition for damages in Missouri state court. Ms. Alexander did not respond to the petition and did not appear in court; thus, Kramer & Frank obtained a judgment by default against her. Kramer & Frank then filed a garnishment against Ms. Alexander's bank accounts at BOA.

Ms. Alexander suffers from a disability and her primary source of income is social security benefit payments. Kramer & Frank, however, was not informed of Ms. Alexander's condition or the source of her income at the time it filed a garnishment against her account.

BOA was served with the garnishment summons on January 18, 2007. On January 22, 2007, by telephone and on January 25, 2007, by letter, Donald Alexander contacted each Defendant and put "each named Defendant on notice that the garnishment of readily identifiable deposited social security benefits in which each named Defendant continued to participate violated federal law and was daily inflicting severe damages upon Plaintiffs." (Doc. 31, ¶ 3).

On February 5, 2007, BOA contacted Kramer & Frank to inform them that Ms. Alexander's account contained only social security benefits. On February 20, 2007, Kramer & Frank received BOA's answers to the garnishment interrogatories, which indicated that Ms. Alexander was claiming that the funds in her account were exempt from garnishment. On February 28, 2007, Kramer & Frank faxed a release of the garnishment to Bank of America.

**B.     Discussion**

In their Complaint, the Alexanders assert claims against BOA for violations of 42 U.S.C. § 407 and for intentional infliction of emotional distress caused by Defendants' violation of 42 U.S.C. § 407. The Complaint reads, in part, as follows:

> Plaintiffs' cause of action involves knowing and intentional
> violation of 42 U.S.C. Section 407 . . . on the part of Defendants.

3

> In addition, the intentional tort (under Missouri Law) inflicted
> upon Plaintiffs by Defendants displays contempt and disregard
> for Plaintiffs' rights under said Federal Statutes.

(Complaint, ¶ 1).

The Alexanders seek to recover the money seized from their account at BOA as well as compensatory damages for the "public humiliation, embarrassment, emotional and mental distress" Ms. Alexander suffered when her check was declined at a retail store and punitive damages "to dissuade Defendants from similar intentional tortious action in the future." (Complaint at 6).

### 1. Plaintiffs' 42 U.S.C. § 407 Claim

BOA argues that the only relief Plaintiffs could achieve under 42 U.S.C. § 407 is a release of the garnishment placed on their social security benefits. The Court agrees. Section 407 reads as follows:

> **(a)** The right of any person to any future payment under this
> subchapter shall not be transferable or assignable, at law or in
> equity, and none of the moneys paid or payable or rights existing
> under the subchapter shall be subject to execution, levy,
> attachment, garnishment, or other legal process, or to the
> operation of any bankruptcy or insolvency law.

Only Congress can create a private right of action to enforce federal law. *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). And, Courts rarely impute to Congress an intent to create a private right of action where a statute does not include explicit right- or duty-creating language. *Gonzaga University v. Doe*, 536 U.S. 273, 284, n.3, 122 S.Ct. 2268 (2002).

4

Section 407 does not expressly create a private right of action, and nothing in Section 407 suggests that Congress intended to create a private right of action. Furthermore, this Court is unaware of any court that has recognized a plaintiff's right to bring a cause of action based on a defendant's violation of 42 U.S.C. § 407.

By its plain language, Section 407's purpose is to protect an individual's social security benefits. Thus, Section 407 would provide a defense for the Alexanders had BOA refused to release the garnishment. It is undisputed, however, that BOA acted immediately upon the knowledge that Ms. Alexander's account contained only social security benefits. Therefore, BOA's motion for summary judgment is granted as to the Alexanders' Section 407 claim.

### 2. Plaintiffs' Intentional Infliction of Emotional Distress Claim

The Alexanders further claim that BOA's intentional acts caused Ms. Alexander "public humiliation, embarrassment [and] emotional and mental distress." (Complaint,¶ 8). Under Missouri law, the elements of a cause of action for intentional infliction of emotional distress are: (1) defendants' conduct was extreme and outrageous, (2) defendants acted in an intentional or reckless manner, and (3) such conduct resulted in severe emotional distress. *Comstock v. Consumers Markets, Inc.*, 953 F.Supp. 1096, 1104 (W.D. Mo. 1996). Furthermore,

> Missouri law requires that the resulting emotional distress be "medically diagnosable and . . . of sufficient severity so as to be medically significant." Examples of harm meeting the required threshold include continuing nervousness, sleeplessness, or nausea for which a physician would prescribe medication. Mere

5

> upset, dismay, humiliation, grief, and anger are not enough to
> support recovery.

*Id.* at 1105 (citations and quotations omitted).

In addition, in order for BOA's conduct to be sufficiently extreme and outrageous so as to support the Alexanders' claim for intentional infliction of emotional distress, the conduct must be more than simply malicious or intentional. *Id*. (citation omitted). "The Plaintiff must demonstrate that Defendants' conduct was so extreme as to be beyond all possible bounds of decency and regarded as atrocious and utterly intolerable in a civilized community." *Id*. (quotation omitted). And, it is for the Court to decide whether the conduct arises to a sufficient level to permit recovery. *Id*.

The Alexanders' Complaint contains only general allegations that Ms. Alexander was publicly humiliated and embarrassed. The Alexanders have not alleged that Ms. Alexander's emotional distress resulted in any physical harm, or any harm for which a physician might prescribe medication. In addition, the Alexanders have not shown that BOA's actions were beyond the bounds of decency. Indeed, BOA worked to release the garnishment within 18 days of receiving the garnishment summons. Because BOA acted as soon as it knew that the Alexanders' bank account contained only exempt property at the time the garnishment was filed, their conduct cannot be described as outrageous or beyond the bounds of decency.

The Alexanders have failed to allege a harm that could form the basis of an intentional infliction of emotional distress claim. Moreover, the Alexanders have failed to show that BOA engaged in any extreme or intolerable conduct. Thus, no reasonable

6

juror could find in favor of the Alexanders on their claim for intentional infliction of emotional distress.

**III.     Conclusion**

Accordingly, it is hereby ordered that

Defendant Bank of America's Motion for Summary Judgment [Doc. # 53] is GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  October 17, 2007
Jefferson City, Missouri
.

7

Case 2:07-cv-04039-NKL   Document 58   Filed 10/17/07   Page 7 of 7